IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES C. PLATTS,

    Petitioner,

v.                                         CIVIL ACTION NO. 1:13cv257
                                             (Judge Stamp)

TERRY O'BRIEN, Warden

    Respondent.

## AMENDED REPORT AND RECOMMENDATION[1]

### I. BACKGROUND

On December 3, 2013, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241.[2] On December 16, 2013, he paid the $5.00 filing fee. On January 21, 2014, the petitioner filed his petition on the Court-approved form. The petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction imposed by the United States District Court for the Western District of Pennsylvania. This matter is pending before me for a Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[3]

On January 16, 2007, the petitioner was indicted in the United States District Court for the

---

[1] This Amended Report and Recommendation is entered for two reasons. First, the original R&R was inadvertently signed by a Magistrate Judge to whom the case was assigned. Second, the original R7R failed to address address a "Motion to include Addendum," which was filed by the petitioner on December 19, 2013.

[2] This is the second § 2241 petition filed by Mr. Platts in this Court stemming from his 2008 conviction in the United States District Court for the Western District of Pennsylvania. See 5:13cv61.

[3] The recitation of the factual history of the petitioner's conviction and sentence is taken from the petitioner's criminal docket sheet available on PACER. See 2:07-cr-21-DWA.

1

Western District of Pennsylvania on five count related to tax evasion and nonpayment. He was convicted by a jury on March 20, 2008, and sentenced on June 27, 2008 to thirty months imprisonment on each count, to run concurrently.[4] The petitioner appealed on grounds that there was insufficient evidence to sustain the conviction. The Court of Appeals affirmed the conviction.

Thereafter, the petitioner filed a Section 2255 Motion to Vacate. In his Motion, the petitioner alleged that his counsel was ineffective in several respects: 1) failing to obtain documents prior to trial; 2) failing to object to evidence illegally retained and used in his case by the government; 3) failing to deal appropriately with the timeliness of the charges; 4) failing to challenge the elements charged in the indictment; 5) failing to familiarize himself with tax law and procedures, resulting in the failure to raise potential defenses; 6) failing to challenge jury instructions that did not differentiate civil from criminal acts; and 7) failing to adequately prepare for sentencing and loss calculations.     The petitioner's § 2255 Motion was denied on January 8, 2010. On August 17, 2010, the Third Circuit denied the petitioner's application for a certificate of appealability.

In the years following the denial of his § 2255 Motion, the petitioner has filed a Motion for a second or successive habeas, Motion for Rule 60 Relief from Judgment, Motion for Rule 29 Judgment of Acquittal, and a second Motion for Rule 60 Relief from Judgment. All of these motions have been denied.[5]

### III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a

---

[4]The undersigned believes that the petitioner has completed this sentence but remains incarcerated, serving a 46 month sentence imposed in the Western District of Pennsylvania on April 24, 2012 for mail fraud, mail fraud conspiracy and money laundering. See 2:10cr176-ANB-1.

[5]The petitioner's second Motion for Rule 60 Relief from Judgment was filed on February 3, 2014, and was denied on February 7, 2014.

motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner, alleges his "actual" innocence of all counts of the indictment. The petitioner maintains that newly discovered evidence clearly supports his actual innocence.

3

Accordingly, the petitioner is "seeking relief to properly vacate the conviction and sentence and quash the indictment since the exculpatory evidence fails to support any guilt and clearly establishes actual innocence and properly negates all the alleged offenses."

However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[6] This the petitioner has not, and cannot, do. Even if the petitioner satisfied the first and the third elements of Jones, the crimes for which the petitioner was convicted remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, because the petitioner clearly attacks the validity of his conviction, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

Furthermore, the petitioner's attempt to invoke the holding in Alleyne v. United States[7] is misplaced. In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper

---

[6] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

[7] 133 S.Ct. 2151 (2013).

because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id. at 2162. With respect to 26 U.S.C. § 7201, the provision of the Criminal Code under which the petitioner was convicted and sentenced, there is no mandatory minimum sentence. Furthermore, although this section of the Code provides for a sentence of not more than five years (60 months), the petitioner was sentenced to only 30 months on each count, to run concurrently. Therefore, the prohibition established by Alleyne is not implicated.[8] Finally, the undersigned recognizes that the petitioner filed a "Motion of Addendum to Petition for Habeas Corpus Under 28 U.S.C. § 2241" on December 19, 2013. The petitioner maintains that the addendum is permitted under Rule 15.[9] In his "addendum," the petitioner quotes various decisions from the United Supreme Court of Appeal, various Courts of Appeal and District Courts. However, the petitioner's arguments appear to address why he qualifies to file a second or successive Motion to Vacate under 28 U.S.C. § 2255. Clearly, that would be an issue that would have to be addressed by the United States Court of Appeal for the Third Circuit because the petitioner was convicted in the United States District Court for the Western District of Pennsylvania. Moreover, the fact that the Western District of

---

[8]Moreover, a number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

[9]There is no Rule 15 in the Rules governing Habeas proceeding. Accordingly, it would appear that the petitioner is referring to Rule 15 of the Federal Rules of Civil Procedure.

Pennsylvania may have recharacterized a pleading by the petitioner as a Motion to Vacate, does not trigger the savings clause contained in § 2255(e). Finally, the petition apparently is acting under a misapprehension that this court, through a § 2241 could authorize an amended § 2255 motion.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's petition be **DENIED WITH PREJUDICE**. It is further Recommended that the Motion of Addendum (Doc. 6) be **DISMISSED**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: May 5, 2014.

/s/   James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE