```
     IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JAMES C. PLATTS,**

       **Petitioner,**

**v.**                  //     **CIVIL ACTION NO. 1:13CV257**
                                     **(Judge Keeley)**

**TERRY O'BRIEN, Warden,**

       **Respondent.**

## <u>ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION [DKT. NO. 18]</u>

Pending before the Court is the Magistrate Judge's Amended Report and Recommendation ("R&R") concerning the <u>pro se</u> petitioner, James C. Platts's ("Platts"), petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's R&R in its entirety.

### I. Procedural History

On December 3, 2013, Platts filed a petition pursuant to 28 U.S.C. § 2241 alleging that he is "actually innocent" of the crimes for which he was convicted. (Dkt. No. 1). Thereafter, he filed a motion to include an addendum to his petition. (Dkt. No. 6). The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and an R&R in accordance with LR PL P 2.

Magistrate Judge Seibert issued an R&R on May 5, 2014, in which he recommended that Platts's § 2241 petition be denied and dismissed with prejudice, and that his motion to include an addendum be denied. (Dkt. No. 18). Pursuant to <u>In re Jones</u>, 226

F.3d 328 (4th Cir. 2000), Magistrate Judge Seibert determined that Platts is not entitled to file the instant § 2241 petition because he has not established that § 2255 is an inadequate or ineffective remedy for his claims. Id.

Platts filed timely objections to Magistrate Judge Seibert's R&R on May 12, 2014. (Dkt. No. 20). He subsequently filed a motion for reconsideration on May 16, 2014.[1] (Dkt. No. 21). Platts contends that the magistrate judge erroneously applied the three-prong test of Jones to his case and, consequently, incorrectly determined that § 2241 was an improper jurisdictional vehicle for his claims. After conducting a de novo review, the Court concludes that Platts's objections are without merit.

## II. Factual Background

Following a jury trial in the United States District Court for the Western District of Pennsylvania, on March 20, 2008, Platts was convicted on five counts of tax evasion and nonpayment. He was sentenced to thirty months imprisonment on each count, to be served concurrently. After unsuccessfully appealing his conviction, Platts filed a 28 U.S.C. § 2255 motion to vacate his sentence. In that motion, Platts alleged that his counsel was ineffective in several

---

[1] The Court construes this motion as additional objections to the magistrate judge's report and recommendation.

respects. The trial court denied that motion on January 8, 2010. Later, on August 10, 2010, the United States Court of Appeals for the Third Circuit denied Platts' application for a certificate of appealability. Since then, Platts has filed dozens of motions challenging his conviction and sentence, including an additional § 2255 petition, two Rule 60 motions for relief from judgment, and a Rule 29 motion for judgment of acquittal.

Through § 2241, Platts now argues that there is newly discovered evidence that renders him "actually innocent" of the crimes of which he stands convicted. Specifically, he asserts that he is "seeking relief to properly vacate the conviction and sentence and quash the indictment since the exculpatory evidence fails to support any guilt and clearly establishes actual innocence and properly negates all the alleged offenses." (Dkt. No. 1).

### III. Legal Standard

Where, as here, a petitioner seeks to attack the imposition of his conviction and sentence, rather than its execution, he may only seek a writ of habeas corpus pursuant to § 2241 by demonstrating that § 2255 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e) (the "savings clause"); see also In re Jones, 226 F.3d at 332. In Jones, the United States Court of Appeals for the Fourth Circuit set forth the following

three-prong test for determining whether § 2255 is inadequate or ineffective:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34.

### IV. Analysis

In order to state a claim of actual innocence under § 2241, Platts must first establish that he is entitled to review under § 2241 by meeting the three-prong test set forth in Jones. Id. Here, Platts is unable to establish that "the conduct of which [he] was convicted" is no longer criminal, as required by the second prong of the Jones test. Id.

Platts does not and cannot assert that the conduct for which he was actually convicted, that is, tax evasion and nonpayment, is no longer criminal. See In re Jones, 226 F.3d at 334. Accordingly, he is not entitled to proceed under § 2241. See, e.g., James v. Stansberry, No. 3:08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9, 2009) (collecting cases); see also Cooper v. Warden FCI Williamsburg, No. 4:10-2402, 2010 WL 6297767, at *3 (D.S.C. Dec. 1,

2010) ("Petitioner's action seeking a determination that he is actually innocent of a[n] [ACCA] sentence enhancement fails to state a cognizable § 2241 claim.").

Furthermore, Platts's reliance on § 2255(h)(1) to circumvent the Jones test is misplaced. Platts contends that Jones is inapplicable to his petition because he is seeking review pursuant to § 2255(h)(1), rather than under the savings clause of § 2255(e). However, § 2255(h)(1) provides an avenue for petitioners to file a successive § 2255 petition, not a § 2241 petition. 28 U.S.C. § 2255(h)(1). As already noted, a petitioner seeking review of an actual innocence claim under § 2241 must establish that he is entitled to review under the savings clause of § 2255(e), something Platts is unable to do. See Bousley v. United States 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255). Thus, Platts's § 2241 petition must be denied.

### V. Conclusion

For the reasons stated, the Court:

1) **ADOPTS** the Amended Report and Recommendation in its entirety (dkt. no. 18);

2) **DENIES AS MOOT** the original Report and Recommendation (dkt. no. 16);

3)  **OVERRULES** Platts's objections to the Amended Report and Recommendation (dkt. no. 20);

4)  **DENIES** Platts's motion for reconsideration (dkt. no. 21);

5)  **DENIES AS MOOT** Platts's motion to include an addendum (dkt. no. 6);

5)  **DENIES** Platts's § 2241 petition (dkt. no. 1); and

6.  **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: June 26, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE